UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br>v.<br><br>RODERICK MICHAEL BURGINS,<br><br>   *Defendant*. <br>_____/ | **ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING**<br><br>CASE NUMBER: 1:17-CR-20396 |

**I. Procedural Background**

On October 27, 2017, a Judgment was entered by United States District Judge Thomas L. Ludington, committing Defendant to the Federal Bureau of Prisons for a term of 65 months incarceration for Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) & 924(a)(2).  (ECF No. 27.

Defendant's term of supervised release began on or about November 22, 2023. (ECF No. 30).  District Judge Ludington issued a warrant for Defendant's arrest based on a violation of supervised release conditions pursuant to an order of this court.

Defendant was arrested in connection with that warrant.  On August 5, 2024, Defendant was brought before the Court on an initial appearance for the alleged violation of supervised release conditions.

Counsel for Defendant was appointed and present at the initial appearance. Defendant exercised his right to a detention hearing.  A detention hearing was held on August 5, 2024.

**II. Detention or Release Standards**

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

    Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under Federal Rule of Criminal Procedure 32.1(a)(6) "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any person or to the community rests with the person."

### III.   Detention Findings.

    The Court's findings and reasons for ordering detention, were stated on the record at the August 6, 2024, hearing and are fully incorporated by reference here. The Court finds that it is not persuaded by clear and convincing evidence that Defendant is unlikely to flee or pose a danger if released under § 3142(b) or (c). This evidence was discussed on the record in support of the Court's reasoning and includes, but is not limited to, evidence that: (1) while under conditions of supervision, Burgins participated in new criminal activity related to illegal possession of controlled substances; (2) Burgins was recently shot outside a party store on July 9, 2024; (3) Burgins has a history of failing to comply with the terms of his supervision by removing a tether and absconding for 5 months. And while not a part of the Court's decision, at the end of the August 5 hearing, Burgins threatened to harm the prosecutor. Given his poor adjustment to terms of supervision, there is a concern related to a serious risk of flight and a danger to the community. For the combination of factors in this narrative, as well as those stated on the record, detention pending the supervised release violation hearing is warranted.

### IV.   Order

    I **ORDER** the detention of Defendant without bail pending his supervised release violation hearing before District Judge Thomas L. Ludington.

Date: August 5, 2024                        S/Curtis Ivy, Jr.
                                                       Curtis Ivy, Jr.
                                                       United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record and served by other electronic means on the U.S. Marshal Service.

Date: August 5, 2024                        By <u>s/ Sara Krause</u>
                                                     Case Manager